**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MYRTIS PAULO HART,

Plaintiff,

vs.                                                                            No. CIV 21-0186 JB/SMV

NORTHWEST NEW MEXICO
CORRECTIONAL FACILITY and
FNU JUDD,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court sua sponte on Plaintiff Myrtis Paulo Hart's

failure to prosecute his Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March

1, 2021 (Doc. 1)("Complaint").   The Honorable Stephan Vidmar, United States Magistrate Judge

for the United States District Court for the District of New Mexico, recently directed Hart to

provide an updated address after he severed contact with the Court.   See Order to Show Cause,

filed June 4, 2021 (Doc. 6)("Show Cause Order").   Having reviewed the record and the applicable

law, the Court will dismiss the Complaint without prejudice, because Hart has not responded to

the Show Cause Order.

**BACKGROUND**

Hart filed the Complaint on March 1, 2021.   See Complaint at 1.   The Complaint

challenges his conditions of confinement at the Northeast New Mexico Correctional Facility

("Northeast NM"), where he previously served a term of incarceration.   See Complaint at 2-3.

Hart filed an Application to Proceed in District Court Without Prepaying Fees or Costs along with

the Complaint, filed March 1, 2021 (Doc. 2)("IFP Motion").   The Court referred the matter to

Magistrate Judge Vidmar for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed March 2, 2021 (Doc. 3).   By an Order entered May 21, 2021, Magistrate Judge Vidmar granted Hart's IFP Motion.   See Order Granting In Forma Pauperis Motion, filed May 21, 2021 (Doc. 4)("IFP Order").   The Clerk's Office mailed the IFP Order to Hart's address of record, which is a residential address in Albuquerque, New Mexico.   The United States Postal Service ("USPS") returned the IFP Order as undeliverable.   See Mail Returned as Undeliverable, filed June 3, 2021 (Doc. 5).

On June 4, 2021, Magistrate Judge Vidmar entered the Show Cause Order.   See Show Cause Order at 1.   The Show Cause Order notes that it appears that Hart severed contact without advising the Court of his new address in violation of D.N.M.LR-Civ. 83.6.   See Show Cause Order at 1.   That local rule provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."   D.N.M. LR-Civ. 83.6. Magistrate Judge Vidmar ordered Hart to notify the Clerk of Court of his new address by July 9, 2021.   See Show Cause Order at 1.   Magistrate Judge Vidmar warned that Hart's failure to timely comply with the Show Cause Order will result in dismissal of this action without further notice. See Show Cause Order at 1.   Hart did not comply or otherwise respond to the Show Cause Order, which the USPS also returned as undeliverable.   See Mail Returned as Undeliverable, filed June 21, 2021 (Doc. 7).   The Court therefore will analyze whether to dismiss this action for failure to prosecute and to comply with orders.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order."  Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).   As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.   Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.

Here, Hart is no longer at his address of record, and he has not provided an updated address as D.N.M.LR-Civ. 83.6 and the Show Cause Order require.[1]   See Show Cause Order at 1.   In light of this failure, the Court will dismiss this case under rule 41(b) for failure to prosecute.   See Olsen v. Mapes, 333 F.3d 1199 at 1204.   The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center.   The dismissal will not count as a strike under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 1, 2021 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

---

[1]The IFP Motion and the Show Cause Order were both mailed to a residential address in Albuquerque, New Mexico.  See Mail Returned as Undeliverable at 1, filed June 3, 2021 (Doc. 5); Mail Returned as Undeliverable at 1, filed June 21, 2021 (Doc. 7).  The Complaint lists a different address, a P.O. Box in Grants, NM, belonging to the Northwest New Mexico Correctional Facility.  See Complaint at 1. The Clerk's office chose, however, to list Hart's address of record as the residential address in Albuquerque, because it was listed as the return address on the envelope containing the Complaint.  See Complaint at 4.   In a different case, Hart confirmed that the residential address in Albuquerque, New Mexico, is his current address.  See Notice of Change of Address by Myrtis Paulo Hart at 1, filed March 1, 2021 (Doc. 3) in Hart v. Northwestern New Mexico Correctional Facility, et al., No. 21-CV-0136.

*Parties:*

Myrtis Paulo Hart
Albuquerque, New Mexico

    *Plaintiff pro se*